IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED MEDICAL SYSTEMS, INC.,

    Plaintiff,

vs.

Case No. 04-1351-JTM

COFFEYVILLE REGIONAL MEDICAL
CENTER, INC.,

    Defendant.

MEMORANDUM AND ORDER

This matter is before the court on multiple motions: that of the defendant Coffeyville Regional Medical Center (Dkt. No. 4) to dismiss, and the motions of the plaintiff United Medical Systems, Inc. (Dkt. Nos. 8, 9) first to stay, and then to lift stay or in the alternative for an order compelling arbitration. Defendant's motion argues that the matter should be dismissed, alleging that "the evidence developed herein will show" that the amount in controversy does not exceed the jurisdictional amount of $75,000. Alternatively, it argues that the matter is subject to a binding arbitration clause agreed to by the parties. Plaintiff also agrees that arbitration is appropriate, but states that it has had difficulty in getting defendant to agree to arbitrate. Initially, plaintiff sought a stay rather than dismissal. The plaintiff's second motion reemphasizes its contentions that the defendant has unreasonably failed to comply with reasonable requests to arbitrate.

Defendant has shown no basis for dismissing the action. The court must decide the amount in controversy by examining the face of the plaintiff's complaint, unless it appears that this amount

was not claimed in good faith. *Lonnquist v. J.C. Penny Co.*, 421 F.2d 597 (10th Cir.1970); *Wyoming Ry. Co. v. Herrington*, 163 F.2d 1004 (10th Cir.1947). *See also Coventry Sewage Assoc. v. Dworkin Realty*, 71 F.3d 1 (1st Cir.1995). That, as defendant alleges, "the evidence developed herein will show" the jurisdictional amount is not met is neither controlling nor relevant. The court can dismiss the action only if it appears *from the face of the complaint* that the jurisdictional amount will not be met (which is not the case here), or if it appears the amount of the claim was not advanced in good faith. Defendant offers no basis for concluding that the claim has been advanced without good faith.

The court notes that defendant has filed no response to either plaintiff's Motion to Stay, or its Motion to Lift Stay. Neither has it attempted to rebut any of the factual allegations set forth in those pleadings. Given the uncontroverted representations as to defendant's lack of cooperation in submitting the present matter to arbitration, the court deems defendant to have waived any right to arbitrate the claims presented herein. The court concludes that the best course in light of the pleadings is to proceed to trial.

Plaintiff's second motion (Dkt. No. 9) is therefore granted as provided herein, both for good cause shown and pursuant to D.Kan.R. 7.4. Defendant's initial motion (Dkt. No. 8) is denied as moot. Defendant's Motion to Dismiss (Dkt. No. 4) is denied.

IT IS SO ORDERED this 30th day of March, 2005.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE